UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

CANDINA DANIELS,

      Plaintiff

v.                                  Civil Action No. 2:10-0539

ANTONIO RUSSELL and
OXFORD HOUSE, INC.,
a Maryland Corporation, and
JOHN DOE, unknown person
or persons,

      Defendants


CORSIA RAMEY,

      Plaintiff

v.                                  Civil Action No. 2:10-0540

ANTONIO RUSSELL and
OXFORD HOUSE, INC.,
a Maryland Corporation, and
JOHN DOE, unknown person
or persons,

      Defendants


KIMBERLY SKEENS

      Plaintiff

v.                                  Civil Action No. 2:10-0541

ANTONIO RUSSELL and
OXFORD HOUSE, INC.,
a Maryland Corporation, and
JOHN DOE, unknown person
or persons,

      Defendants

BARBARA WINKLER

      Plaintiff

v.                                    Civil Action No. 2:10-0542

ANTONIO RUSSELL and
OXFORD HOUSE, INC.,
a Maryland Corporation, and
JOHN DOE, unknown person
or persons,

      Defendants

## MEMORANDUM OPINION AND ORDER

Pending are motions in the above-styled civil actions by Oxford House, Inc. ("Oxford House") to dismiss and to strike plaintiffs' responses to the motions to dismiss, filed respectively on April 21[1] and May 25, 2010, and by plaintiffs for leave to amend their complaints, filed May 24, 2010.  The motions and associated briefing are materially identical.

The motions to dismiss are unaccompanied by supporting memoranda of law as required by Local Rule 7.1(a)(2)(11).  They assert generally, however, that the complaints are deficient under Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009), and their

---

[1]The motions to dismiss in the Skeens and Winkler actions were filed April 22, 2010.

2

progeny.  Oxford House faults plaintiffs for failing to allege
when they resided at Oxford House, when the alleged sexual
misconduct occurred, and of what it consisted, or the precise
nature of the alleged unwelcome sexual solicitations.

In their motions to amend the complaints, plaintiffs
appear to attempt to remedy these identified deficiencies.  They
seek to allege facts relating to the criminal record of the
Oxford House employee who allegedly perpetrated the harm, a more
detailed account of the specific sexual misconduct involved, and
a general time frame during which it occurred.[2]

The court received the parties' Federal Rule of Civil
Procedure 26(f) report on July 22, 2010.[3]  No date has thus yet
been set for the filing of amended pleadings.  The better course
is to permit the requested pleading amendments at this early

_____

[2]Oxford House moves to strike plaintiffs' responses as
untimely, noting their May 24, 2010, filing date.  Plaintiffs
appear to assert that a malfunctioning computer system and an
erroneous electronic mail address contributed to their failure to
timely respond.  The court concludes that the circumstances
amount to excusable neglect.  The court, accordingly, ORDERS that
the motions to strike be, and they hereby are, denied.

[3]The June 22, 2010, order and notice directed the parties to
discuss in their Rule 26(f) reports the desirability of
coordinated treatment or consolidation of these four civil
actions.  The Rule 26(f) reports contain no such discussion.
Counsel are directed to file no later than August 6, 2010, a
joint report addressing that matter.

3

juncture inasmuch as Oxford House has not demonstrated the futility of that course of action.

Based upon the foregoing, the court, accordingly, ORDERS as follows:

1. That the motions to dismiss be, and they hereby are, denied without prejudice;

2. That the motions to amend the complaints be, and they hereby are, granted; and

3. That the proposed amended complaints, submitted June 1, 2010, be, and they hereby are, filed today.

The Clerk is requested to transmit this memorandum opinion and order to all counsel of record and to any unrepresented parties.

DATE: July 28, 2010

John T. Copenhaver, Jr.
United States District Judge

4