```
                UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT CHARLESTON
```

**CANDINA DANIELS,**

      Plaintiff

v.                                  Lead Action No.   2:10-0539

**ANTONIO RUSSELL and**
**OXFORD HOUSE, INC.,**
a Maryland Corporation, and
JOHN DOE, unknown person
or persons,

      Defendants


**CORSIA RAMEY,**

      Plaintiff

v.                                  Consolidated Case No. 2:10-0540

**ANTONIO RUSSELL and**
**OXFORD HOUSE, INC.,**
a Maryland Corporation, and
JOHN DOE, unknown person
or persons,

      Defendants


**KIMBERLY SKEENS**

      Plaintiff

v.                                  Consolidated Case No. 2:10-0541

**ANTONIO RUSSELL and**
**OXFORD HOUSE, INC.,**
a Maryland Corporation, and
JOHN DOE, unknown person
or persons,

      Defendants

**BARBARA WINKLER**

    Plaintiff

v.                              Consolidated Case No. 2:10-0542

**ANTONIO RUSSELL and
OXFORD HOUSE, INC.,**
a Maryland Corporation, and
**JOHN DOE,** unknown person
or persons,

    Defendants

## MEMORANDUM OPINION AND ORDER

On June 22, 2010, the court entered its order and notice. The parties were directed to discuss in their Federal Rule of Civil Procedure 26(f) report the desirability of coordinated treatment in view of, <u>inter</u> <u>alia</u>, the commonality of defendants and the similarity of the factual allegations in each of the four actions.

In separate "Supplemental Report[s] of Rule 26(f) Meeting of the Parties," filed in each case, it is represented as follows:

> Counsel for Plaintiffs Daniels, Ramey, and Skeens, along with counsel for Defendant Oxford House, Inc., all agreed that the . . . cases should be consolidated for the purposes of discovery. Counsel for these parties further agreed that the issue of whether these cases should be consolidated for trial cannot be addressed until after discovery is completed as such issue will turn on the factual similarities between the cases as discovered through the course of discovery.

(Supp. R. 26(f) Rep. at 1-2).

Federal Rule of Civil Procedure 42(a) provides as follows:

> If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. Proc. 42(a).  Our court of appeals has entrusted the district court with significant discretion respecting questions arising under Rule 42(a), recognizing the superiority of the trial court in determining how best to structure similar pieces of litigation.  See A/S J. Ludwig Mowinckles Rederi v. Tidewater Const. Co., 559 F.2d 928, 933 (4th Cir. 1977) ("District courts have broad discretion under F.R.Civ.P. 42(a) to consolidate causes pending in the same district.").

Nevertheless, the court of appeals has also provided guidelines for the exercise of that discretion.  See Arnold v. Eastern Air Lines, Inc., 681 F.2d 186, 193 (4th Cir. 1982):

> The critical question for the district court in the final analysis was whether the specific risks of prejudice and possible confusion were overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude

>   multiple suits as against a single one, and the
>   relative expense to all concerned of the single-trial,
>   multiple-trial alternatives.

Id. at 193.

Although there are often risks of confusion and prejudice attendant to a consolidation, the potential for inconsistent adjudications is a substantial concern. The allegations in the amended complaints, the claims pled, and the damages sought are identical. While the factual allegations in each amended complaint setting forth the particular acts of misconduct visited upon each plaintiff differ, that is the only uncommon element found within the four pleadings.

The court is unaware of any significant burden consolidation might visit upon the parties, witnesses, or available judicial resources. Under the circumstances, court resources could be impacted negatively by separate actions. The length of time required to resolve each of these actions separately also militates strongly in favor of consolidation.

Based upon the foregoing, a limited consolidation is appropriate. See also Harris v. L & L Wings, Inc., 132 F.3d 978, 981 (4th Cir. 1997) (noting Rule 42(a) "approves consolidation of actions that involve a 'common question of law or fact'" and further stating: "These claims, brought against the same

4

defendant, relying on the same witnesses, alleging the same misconduct, and answered with the same defenses, clearly meet this standard.").

The court, accordingly, ORDERS that the above-styled civil actions be, and they hereby are, consolidated for purposes of pretrial development and conferencing.  The court reserves the question of consolidation of the cases for trial pending a discussion of that matter at the pretrial conference following discovery.

The Daniels case is designated as the lead action.  All further filings shall be captioned and docketed in that case. The court will enter a consolidated scheduling order this same day that will set a single trial date.  If it is ultimately determined that the cases should not be consolidated for trial, the court, in consultation with counsel, will select the first action for trial, which will proceed according to the trial date set in the scheduling order.  The remaining three actions will then be set for trial as expeditiously as possible thereafter.

The Clerk is directed to transmit copies of this written opinion and order to all counsel of record and any unrepresented parties.

        ENTER: August 12, 2010

        John T. Copenhaver, Jr.
        United States District Judge